**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

CHRISTOPHER PECHO, individually and
on behalf of similarly situated individuals,

               Plaintiff,

    v.

1-800 CONTACTS, INC., a Delaware
Corporation,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 1:22-cv-00524

Removal from the Circuit Court of Cook
County, Illinois

No. 2021-CH-06295

## NOTICE OF REMOVAL

Defendant 1-800 Contacts, Inc. ("1-800 Contacts") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because the putative class contains more than 100 members, minimal diversity exists, and on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

## I.    Overview of Claims Asserted and Relief Sought

1-800 Contacts is a Delaware corporation with its principal place of business in Utah. **Ex. 1**, Decl. of D.J. Walker at ¶ 3. Plaintiff Christopher Pecho's Class Action Complaint asserts that 1-800 Contacts "received Plaintiff's biometrics through trade by its acquisition of Ditto,[1] a 'virtual try-on' technology provider." Compl. ¶ 18 (attached as part of **Ex. 2**).[2] Plaintiff claims he used

---

[1] 1-800 Contacts denies that it acquired Ditto Technologies, Inc. and denies that it received biometrics through trade.

[2] **Exhibit 2** is "a copy of all process, pleadings, and orders served" on 1-800 Contacts. 28 U.S.C. § 1446(a).

Ditto's virtual try-on technology, *id* ¶ 20, and that this virtual try-on technology "uses facial biometrics" to allow consumers to virtually try on eyewear.[3] *Id*. ¶ 19. Plaintiff contends that 1-800 Contacts violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*[4] *E.g.*, Compl. ¶¶ 7-8, 10-12, 21-22, 36-40. Specifically, Plaintiff attempts to plead violations of BIPA Sections 15(a) and 15(b).[5] Compl. ¶ 36. Plaintiff also seeks injunctive relief, which includes enjoining 1-800 Contacts from further alleged BIPA non-compliance. Compl. ¶ D, Prayer for Relief.

In his Class Action Complaint, Plaintiff defines the putative class as follows: "All individuals whose biometrics were collected, captured, purchased, received through trade, or otherwise obtained by Defendant within the state of Illinois any time within the applicable limitations period." *Id*. ¶ 23. On behalf of himself and the putative class, Plaintiff seeks as relief, among other things, "statutory damages of $1,000 for each negligent violation of BIPA" and "statutory damages of $5,000 for each willful and/or reckless violation of BIPA." *Id*. ¶ D-E, Prayer for Relief.

---

[3] In 2019, a BIPA class action was filed against a retail healthcare company that markets and sells corrective eyewear and contact lenses for purported BIPA violations of the same technology at issue here. As the defendant in that case noted in moving to dismiss, "Ditto's privacy policy is BIPA-compliant" and any purported "biometric information is deleted by Ditto when consumers cease using the 'Virtual Try On' application – which occurs automatically when a user exists [the retailer's] website." **Ex. 3**, *Vo v. VSP Retail Dev. Holding, Inc.*, No. 19-CV-07187 (N.D. Ill. Dec. 03, 2019), Dkt. 11 at 5-6 (Defendant's Motion to Dismiss and corresponding exhibits). That matter was ultimately dismissed under BIPA's health care exemption, 740 ILCS 14/10. *See Vo v. VSP Retail Dev. Holding, Inc.*, No. 19 C 7187, 2020 WL 1445605, at *3 (N.D. Ill. Mar. 25, 2020) ("Given the Court's finding that Vo's facial geometry was obtained as a patient in a health care setting, the biometric identifiers at issue fall within BIPA's health care exemption. As such, VSP cannot be held liable under BIPA for their collection or use. Therefore, the Court grants the motion to dismiss on this basis."), *appeal dismissed*, No. 20-1684, 2020 WL 9423244 (7th Cir. Nov. 19, 2020).

[4] 1-800 Contacts denies that it collects biometric identifiers or biometric information as defined by 740 ILCS 14/10.

[5] 1-800 Contacts contends Plaintiff has not pled any viable cause of action and identifies Plaintiff's attempts at claims for removal purposes only.

## II.     Removal is Proper Under CAFA

This Court has jurisdiction under CAFA because this is a purported class action (Compl. ¶¶ 23-30) in which (A) the putative class has 100 or more members, (B) minimal diversity exists, and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### A.     The Putative Class Includes More Than 100 Members

Plaintiff purports to represent all persons whose biometrics were collected, captured, purchased, received through trade, or otherwise obtained by 1-800 Contacts within the state of Illinois at any time within the applicable limitations period. Compl. ¶ 23. According to Plaintiff's Complaint, "there are at least thousands of members of the Class." *Id*. ¶ 25. Therefore, the putative class includes more than 100 members.

### B.     Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 15. 1-800 Contacts is a citizen of the state of its incorporation and its principal place of business, which are Delaware and Utah, respectively. **Ex. 1** at ¶ 3. Accordingly, 1-800 Contacts is not a citizen of Illinois, and minimal diversity exists.

### C.     Amount in Controversy Exceeds $5,000,000

Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff claims 1-800 Contacts obtained "*thousands*

of templates of facial geometry . . . from *thousands* of Illinois individuals, including Illinois residents." Compl. ¶ 8 (emphasis added). As a result, Plaintiff contends "there are at least thousands of members of the Class." *Id*. ¶ 25. Plaintiff seeks liquidated damages of up to $5,000 for "each willful and/or reckless violation" (Compl. ¶ D, Prayer for Relief), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). Thus, it is not legally impossible that the damages at issue in this putative class action exceed $5,000,000 (1,001 x $5,000 = $5,005,000), thereby satisfying CAFA's jurisdictional prerequisite. *See Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 & n.25 (7th Cir. 2011) (explaining that once a removing party plausibly explains that the amount in controversy exceeds $5,000,000, the district court has jurisdiction unless it is legally impossibly for the plaintiff to recover that much); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## III.    The Procedural Requirements for Removal Have Been Satisfied

This notice of removal is being filed early. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). 1-800 Contacts received service of process on December 30, 2021. **Ex. 2**. Counting forward 30 days comes to January 29, 2022. However, because this date falls on a weekend, the notice is due Monday, January 31, 2022.

1-800 Contacts is today timely filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal. 1-800 Contacts is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated:  January 28, 2022                Respectfully submitted,

**1-800 Contacts, Inc.**

By: */s/ Melissa A. Siebert*

Melissa A. Siebert (masiebert@shb.com)
Yara K. Rashad (yrashad@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel:  (312) 704-7700
Fax:  (312) 558-1195

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa Siebert, an attorney, hereby certify that on **January 28, 2022**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in this matter in the Circuit Court of Cook County, addressed as follows:

> David L. Gerbie
> Brendan Duffner
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Fl.
> Chicago, IL 60601
> dgerbie@mcgpc.com
> bduffner@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

> _/s/ Melissa Siebert_